UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL GUERRERO, individually and on behalf    Civ Action No.:
of himself and all similarly situated current and former    **COMPLAINT**
employees,

                                            Plaintiff,
       -against-

RITE CHECK CASHING, INC. and JOSEPH    **FLSA COLLECTIVE**
COLEMAN,    **ACTION AND RULE**
   **23 CLASS ACTION**

                                           Defendants.
-------------------------------------------------------------------X

       Plaintiff, MANUEL GUERRERO, on behalf of himself and all other current and former employees similarly situated, by and through his attorneys, LAW OFFICE OF GEORGE T. PETERS, PLLC, alleges, upon personal knowledge as to himself and upon information and belief as to all other matters, against Defendants, RITE CHECK CASHING, INC, and JOSEPH COLEMAN, individually as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiff brings this action, on behalf of himself and all other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and all other current and former employees similarly situated, unpaid wages, liquidated damages, unpaid overtime, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §§ 216(B) and 217, and all other applicable federal laws from Defendants.

       2.      Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, including

N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, unpaid wages, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

3. This is an action brought by Plaintiff challenging acts committed by Defendants amounting to collective and class claims of violations of Federal Wage and Hours Laws and New York State Wage and Hour Laws.

4. Plaintiff also brings this action on his own behalf and those similarly-situated pursuant to the Federal and State laws requiring overtime pay. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiffs and similarly situated employees their statutorily required overtime pay in accordance with the Federal and New York State statutory requirements.

5. Defendants did not comply with the New York State's Department of Labor (Title 12 NYCRR 142) "Spread of Hours" law when Plaintiff worked days that began and ended more than ten (10) hours apart in a single day.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 217 and 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing

for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

7. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred.

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) by virtue of Rite Check's purposeful availment of the laws of the State of New York by marketing, promoting, and/or offering its products and services to companies which have outlets nationwide, including this district.

10. This Court has personal jurisdiction over Rite Check by virtue of their purposeful availment of the laws of the State of New York by marketing, promoting, and/or offering its products and services to companies which have outlets nationwide, including this District. Furthermore, Rite Check hires and hired employees from this state.

**PARTIES**

11. Plaintiff, Manuel Guerrero, is a citizen of the State of Connecticut. At all relevant times, Raven Moses was employed by Defendants during the relevant Class Period as a Night Manager.

12. Manuel Guerrero's written consent to sue is attached hereto as Exhibit "A."

13. Defendant Rite Check Cashing, Inc. is a New York State domestic corporation organized under the laws of the State of New York with its principal place of business at 715 East 138th Street, Bronx, New York 10454.

14. At all times relevant, Defendant Joseph Coleman, was the owner, chief executive officer, manager and/or operator of Rite Check Cashing, Inc., and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff.

15. At all times relevant, Defendant Joseph Coleman, was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

16. Rite Check Cashing, Inc. grossed more than Five Hundred Thousand Dollars ($500,000.00) annually during the relaevant Class Period.

17. Defendants have employees who handle goods and/or materials that have been moved in or produced in interstate commerce.

18. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

19. Rite Check Cashing, Inc. is a financial service provider with fourteen (14) locations in Harlem, New York and the Bronx.

20. Rite Check Cashing, Inc. provides check cashing, bill pay, and money transfer services among other financial assistance.

21. At all times relevant hereto, Rite Check Cashing, Inc. employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members as non-exempt employees.

22. Defendants scheduled Plaintiff to be available to assist all Rite Check Cashing, Inc. locations from six (6) p.m. until six (6) a.m. every day, seven (7) days per week.

23. Plaintiff supervised all of the Rite Check Cashing, Inc. locations and provided support.

24. Plaintiff was not allowed to take days or holidays off.

25. Rite Check Cashing, Inc. required Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, to work more than 40 hours per work week.

26. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly were religiously shorted for hours worked. For example, Plaintiff worked eighty four (84) hours per week but would only receive pay for forty eight (48) to fifty two (52) hours per week.

27. Defendants did not pay Plaintiffs and the Class Members an overtime premium for all hours worked in excess of 40 hours per work week as required by the NYLL.

28. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants

knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

29. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants at any during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

31. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

32. Other non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

33. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

34. Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to CPLR Article 9, to recover unpaid overtime pay and other damages on behalf of all non- exempt individuals employed in the State of New York by Defendants at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to as the "Class Members" and/or the "Class".

35. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under CPLR Article 9.

36. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendants, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least forty members of the Class.

37. Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for (i) overtime hours worked as required by 12 N.Y.C.R.R. § 142- 2.2 and (ii) spread of hours pay as required by N.Y.C.R.R. §§ 142-2.4, 142-2.18. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

38. Plaintiff and the other similarly situated Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

39. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained the Law Office of George T. Peters, PLLC, an experienced employment and class and collective action litigation firm.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the

sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41. Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

42. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated time and failed to compensate the Class

Members with the minimum wage for all hours worked as required by 12 NYCRR § 142-2.1, (b) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, (c) whether Defendants required Class Members to work in excess of ten hours a day and failed to adequately compensate the Class Members for "spread of hours" pay, and (d) whether Defendants provided Class Members with the notices required by NYLL § 195(1).

43. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

44. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

45. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

46. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

47. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

48. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

49. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

50. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

51. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

52. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

53. Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Spread of Hours – NYLL - Brought By Plaintiffs on Behalf of Themselves and the Class Members)

54. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs.

55. Plaintiff and the Class Members regularly worked more than 10 hours in a workday.

56. Throughout the Class Period, Defendants willfully and intentionally failed to compensate Plaintiff and the Class Members additional compensation of one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by the NYLL.

57. By virtue of Defendants' failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

59. Due to Defendants' NYLL violations, Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid spread of hours wages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs,

and the Class Members, prays for relief as follows:

(a)   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)   Certification of this action as a class action;

(c)   Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)   An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e)   Costs of action incurred herein, including expert fees;

(f)   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)   Pre-Judgment and post-judgment interest, as provided by law; and

(h)   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: February 16, 2018
       Bronx, New York

Respectfully submitted,

George T. Peters, Esq. (GP2661)
LAW OFFICE OF GEORGE T. PETERS, PLLC
*Attorneys for Plaintiffs*

2510 Valentine Avenue, 3rd Floor
Bronx, New York 10458
Tel: 347.751.0157