UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL GUERRERO, individually and on
behalf of himself and all similarly situated        18-cv-1538 (GHW)
current and former employees,

                         Plaintiff,

    -against-

RITE CHECK CASHING, INC. and JOSEPH
COLEMAN,

                         Defendants.
-------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE [UNOPPOSED]

    I.      PRELIMINARY STATEMENT

Plaintiff Manuel Guerrero ("Guerrero" or "Plaintiff") and Defendants Rite Check Cashing, Inc. ("Rite Check"), and Joseph Coleman ("Coleman") (collectively "Defendants"), seek approval of the terms of their settlement agreement ("Settlement Agreement"). The Settlement Agreement resolves Plaintiff's claims asserted against Rite Check and Coleman, including claims under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et. seq.* ("FLSA"). Enclosed with this Memorandum is a copy of the Settlement Agreement for the Court's review and approval [**Exhibit A**]. The Agreement represents a good faith effort between experienced counsel to negotiate an action under the FLSA and New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a substantial recovery of his alleged damages under applicable law. Accordingly, the parties respectfully request that the Court schedule a fairness hearing, approve the Agreement as submitted, and dismiss Plaintiff's claims against Rite Check and Coleman with prejudice.

## II.  PLAINTIFFS' ALLEGATIONS AND WAVE'S AND BURFORD'S RESPONSES

On February 20, 2018, Plaintiff, represented by counsel, filed a wage and hour lawsuit against Rite Check and Coleman alleging FLSA and NYLL violations. (D.E. 1). Plaintiff contends that during the FLSA and NYLL statute of limitations time period, he worked up to 84 hours per week without being compensated properly for all hours.

Defendants dispute Plaintiffs' allegations, and contend they that they have complied with the FLSA and NYLL. Defendants claim that during the entirety of Plaintiff's employment, Plaintiff was paid for every hour that he worked. Defendants vigorously contest the hours that Plaintiff claims to have worked. Plaintiff was responsible for self-reporting his hours remotely or at a store location. Written employment policies mandated that Plaintiff log all hours worked. Defendants maintained detailed time entries for the entirety of Plaintiff's employment. Those time records show substantially less hours than Plaintiff claims to have worked. Further, there is no dispute that Plaintiff was properly compensated for all hour that he self-reported.

In sum, there is a bona fide dispute between the parties regarding Plaintiff's FLSA wage and hour claims. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## III.  SETTLEMENT NEGOTIATIONS

Over a period of several months, counsel for Plaintiff and Defendants negotiated back and forth. The parties attended Court-ordered mediation and thereafter attended a settlement conference before Magistrate Judge Ona T. Wang. Ultimately, Plaintiff willingly agreed to accept a total sum of $20,000.00 to settle his claims against Defendants. Plaintiff will receive $12,700.00, and his counsel will receive $7,300.00.

IV.     THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement).  In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (3) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the

Agreement be approved in its entirety.

1. *The Agreement Fairly Accounts for Plaintiffs' Possible Recovery*

While Plaintiff claims he could be owed up to $372,000.00 in unpaid overtime, there is a bona fide dispute as to the number of compensable hours worked by Plaintiff. Plaintiff was responsible for self-reporting his hours worked and there is no dispute that Plaintiff was properly paid for all hours he reported. To the extent Plaintiff claims that additional "off-the-clock" hours were worked, Plaintiff failed to report those hours in accordance with company policy. Further, Plaintiff is unable to produce any evidence supporting his claim he worked up to 84 hours per week. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. The Agreement does not contain a general release or a confidentiality provision. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

2. *The Risk and Expenses Faced by the Parties*

Both parties in this matter faced substantial risks in proceeding forward in this litigation. Defendants were confident that they could completely prevail at trial on their defenses. Additionally, and as noted *supra*, Plaintiff lacks any evidence corroborating his claim of working unreported hours. Further, Plaintiff faced the prospect of waiting months, if not years, for the matter to proceed through trial.

Conversely, while Defendants were confident that they would be able to severely

undermine Plaintiffs' claims, they were also mindful that this would have only occurred after a protracted litigation and at a significant cost. Moreover, the costs of litigation clearly weighed in favor of early resolution. Accordingly, both parties faced substantial risks in proceeding forward with the litigation, which weighs in favor of approval of the Agreement.

3. *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of his client throughout, from negotiating the amount of the settlement, to the terms of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for both parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

V. PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees. Plaintiff's counsel is to receive fees of $7,300.00. *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); Kinney v. Artist & Brand Agency L.L.C. et al., 13 CV 8864 (LAK)(DCF) (S.D.N.Y. August 25, 2016) (reducing plaintiff's counsel's fee to one-third of the net recovery); Gaspar v. Pers. Touch Moving, Inc., 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in

this District); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit"). It is respectfully submitted that the attorney's fees as set forth in the Settlement Agreement are fair and reasonable and should be approved by the Court.

VI.     CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court schedule a fairness hearing, approve the parties' Agreement, and dismiss this case with prejudice against Defendants.

Respectfully submitted,

/s/
_____
Brian J. Shenker
SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
bshenker@sallp.com